UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------X

CHET MICHAEL WILSON, individually and
on behalf of all others similarly situated,
           Plaintiff(s),

-v-

LIFESTATION, INC.,

           Defendant.

-------------------------------------------------------X

25 Civ. 7246 JHR RFT

**PROPOSED CASE MANAGEMENT PLAN AND REPORT OF RULE 26(f) CONFERENCE**

## Court Expectations

**Rule 1 and Rule 26(b)(1)**. Counsel are expected to have reviewed Rule 1 and Rule 26(b)(1) and considered their obligations thereunder in discussing and preparing a discovery plan.

**Additional consideration of proportionality**. Counsel shall discuss and consider whether phased or iterative discovery will increase efficiency, reduce costs and lead to a faster resolution of the case when preparing a discovery plan.

**Document Requests**. Counsel shall be fully familiar with their obligations under Rules 34 and 26(g) and consider and discuss ways to ensure compliance and minimize disputes regarding overbreadth and specificity of requests and responses.

**Competence**. Counsel shall be sufficiently knowledgeable in matters relating to their clients' technological systems to discuss competently issues relating to electronic discovery, or have involved someone competent to address these issues on their behalf.

Counsel are directed to the Discussion Topics for Rule 26(f) Conference on Judge Tarnofsky's Individual Practices Page.

Status Update Letters. After paper discovery is underway and again after the deadline for completing all discovery, on dates set by the court, the parties shall file status letters to confirm that discovery is proceeding as scheduled and/or is complete.

Counsel represent by their signature below that they have read and will comply with the above.

1

**Proposed Discovery Plan**

In accordance with Federal Rule of Civil Procedure 26(f) and Judge Tarnofsky's Individual Rules, the parties met on November 7, 2025, (at least one week before the Initial Case Management Conference) and are exchanging communications thereafter. At least one week before the Initial Case Management Conference, the parties submit the following report for the Court's consideration:

1. **Summary of Claims, Defenses, and Relevant Issues**

Plaintiff: This is a putative class action brought pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Plaintiff alleges that Defendant LifeStation, Inc. made unsolicited telemarketing calls using a pre-recorded or artificial voice without prior express written consent. Plaintiff seeks statuary damages, injunctive relief, and class certification.

Defendant: LifeStation, Inc. denies Plaintiff's allegations and submits it had valid consent to contact Plaintiff. Also, Defendant contends that it maintains policies and procedures to ensure compliance with applicable telemarketing laws such that the safe-harbor defense is available to it.

2. **Basis of Subject Matter Jurisdiction**

Federal question jurisdiction under 28 U.S.C. § 1331, as the claims arise under the TCPA, 47 U.S.C. § 227.

3. **Subjects on Which Discovery May Be Needed**

Plaintiff(s):

Discovery will include the nature and scope of Defendant's outbound calling systems, prior consent records, call logs, internal policies, and identification of class members.

Defendant(s):

Discovery will include the assignment of Plaintiff's telephone number and his subscription to that telephone number. Discovery will also include Plaintiff's internet use history and devices used to access the internet during the relevant time period associated with his claims in this case.

4. **Informal Disclosures**

The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure was **disclosed by Plaintiff(s)** on November 10, 2025. In addition, on December 15, 2025, Plaintiff(s) produced/will produce an initial set of relevant documents identified in its Initial Disclosures and will continue to supplement its production.

The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure will be disclosed by Defendant(s) on or before December 1, 2025. In addition, on December 15, 2025, 2025, Defendant(s) produced/will produce an initial set of relevant documents identified in its Initial Disclosures and will continue to supplement its production.

5. **Formal Discovery**

The parties jointly propose to the Court the following discovery plan: All fact discovery must be completed by May 24, 2026. If the parties agree on a schedule that calls for the close of all discovery within four to six months, and the Proposed Case Management Plan meets that goal, then the Court is likely to cancel the initial Case Management Conference unless the parties request that the conference go forward.

**The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth herein.**

    a.    <u>Depositions</u>: Depositions shall be completed by May 24, 2026 and limited to no more than 6 depositions per party. Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

    b.    <u>Interrogatories</u>: Initial sets of interrogatories shall be served on or before December 15, 2025. All subsequent interrogatories must be served no later than 30 days prior to the discovery deadline.

    c.    <u>Requests for Admission</u>: Requests for admission must be served on or before.

    d.    <u>Requests for Production</u>: Initial requests for production were served by Plaintiff on November 10, 2025 and responses shall be due on December 10, 2025. Initial requests for production by Defendant will be served by December 15, 2025. All subsequent requests for production must be served no later than 30 days prior to the discovery deadline.

    e.    <u>Supplementation</u>: Supplementations under Rule 26(e) must be made within a reasonable period of time after discovery of such information.

**6.     Anticipated Discovery Disputes**

Are there any anticipated discovery disputes? Does either party seek limitations on discovery? Describe.

Plaintiff anticipates none at this time. However, the Plaintiff does anticipate moving to compel class-wide discovery in this putative class action if the Defendant intends to withhold such documents, as indicated below.

Defendant anticipates seeking limitations on class-wide discovery requests based on the individualized nature of Plaintiff's claims.

The parties shall file an update on the status of discovery on the following dates:

January 15, 2026

March 13, 2026

May 1, 2026

Such update shall include: the status of paper discovery, the completion of depositions and any unresolved discovery disputes.

**7.     Amendments to Pleadings**

    a.     Are there any amendments to pleadings anticipated? Not at this time.

    b.     Last date to amend the Complaint: January 15, 2026.

**8.     Joinder of Parties**

    a.     Are there other necessary parties that need to be joined? Y/N

    b.     Is joinder of other parties anticipated? Not at this time.

    c.     Last date to join other parties: January 15, 2026.

**9.     Expert Witness Disclosures**

At this time, the parties do/do not (circle one) anticipate utilizing experts. Expert discovery shall be completed by May 24, 2026.

10. **Electronic Discovery and Preservation of Documents and Information**

    a.    Have the parties discussed electronic discovery? Yes.

    b.    Is there an electronic discovery protocol in place? If not, when the parties except to have one in place? Not at this time.

    c.    Are there issues the parties would like to address concerning preservation of evidence and/or electronic discovery at the Initial Case Management Conference? None at this time.

11. **Anticipated Motions**

Plaintiff anticipates filing a motion for class certification following discovery.

Defendant anticipates filing a motion for summary judgment following discovery.

12. **Certification of Completion of Discovery**

One week before the scheduled completion of all discovery, the parties shall file a status letter to confirm that discovery has been completed as scheduled.

13. **Early Settlement or Resolution**

The parties have/have not (circle one) discussed the possibility of settlement. The parties request a settlement conference by no later than April 10, 2026.

The following information is needed before settlement can be discussed:

Information about the putative class size.

14. **Trial**

    a.    The parties anticipate that this case will be ready for trial by January 2027.

    b.    The parties anticipate that the trial of this case will require 3-5 days.

    c.    The parties request a jury trial.

    d.    The parties do not consent to Magistrate Judge jurisdiction at this time.

**15.     Other Matters**

The parties are in agreement about the dates.  The parties are not in agreement about the proper scope of discovery and requests that the initial conference proceed as scheduled.

**The parties are advised that they may consent to Magistrate Judge jurisdiction at any time during the case pursuant to 28 USC § 636(c). To consent to Magistrate Judge jurisdiction for all purposes or specific dispositive motions, please utilize the consent form on Judge Tarnofsky's Individual Practices Webpage.**

Respectfully submitted this 18th day of November, 2025.

By: */s/ Anthony Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(617) 485-0018
anthony@paronichlaw.com
*Attorney for Plaintiff*

**MAC MURRAY & SHUSTER, LLP**

/s/ *Lisa A. Messner*
Lisa A. Messner (Ohio Bar No. 0074034)
*Admitted Pro Hac Vice*
Mac Murray & Shuster, LLP
6525 West Campus Oval, Suite 210
New Albany, Ohio 43054
(614) 939-9955, (614) 939-9954 - fax
lmessner@mslawgroup.com

*Attorney for Defendant,*
*Lifestation, Inc.*