# PARONICH LAW, P.C.

350 Lincoln Street, Suite 2400
Hingham, MA 02043

Anthony I. Paronich

Tel. (508) 221-1510
Fax (508) 318-8100
anthony@paronichlaw.com

February 18, 2026

**VIA ECF**
Hon. Jennifer H. Rearden
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

  Re: <u>Chet Michael Wilson, et. al. v. LifeStation, Inc.</u>, No. 1:25-cv-07246 (JHR)

Dear Judge Rearden:

  Plaintiff respectfully submits this letter-motion pursuant to Local Civil Rule 37.2 and Your Honor's Individual Rule 3.C to request an informal conference and an order compelling Defendant to produce call-detail data responsive to Request for Production No. 1 of the Plaintiff's Second Set of Discovery, which is required to support a motion for class certification and proceed to trial in this matter.

  This case is a putative nationwide class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227(b) alleging that Defendant placed prerecorded telemarketing calls to Plaintiff and others without prior express written consent. The Complaint alleges that Defendant delivered a prerecorded message beginning, "Hi, this is Christina calling from LifeStation Medical Alert." and defines a class of all persons in the United States who, during the four years preceding the filing of this action through class certification, were called on their cellular telephones using the same or a substantially similar artificial or prerecorded voice message used to call Plaintiff. *See* ECF No. 1.

The scope of Defendant's outbound prerecorded campaign, and the identities and number of persons called, are therefore central both to the Rule 23 analysis and to the merits of the TCPA claim. The request at issue and the Defendant's response is below:

> **Request for Production No. 1:** Please produce all documents containing any of the following information for each outbound telemarketing call or text sent by you or your vendors:
> a) the date and time of the call or text;
> b) the disposition or result of the call (e.g., live answer, voicemail, wrong number, opt-out, disconnected);
> c) identifying information for the recipient (e.g., name, number dialed, lead source, or other associated fields);
> d) any scrub results (including against internal do-not-call lists, the National Do-Not-Call Registry, and any reassigned number database); and
> e) any coding or notation indicating "wrong number," "do not call," "opt-out," or similar.
>
> **Defendant's Response:** Objection. This Request seeks information that is not relevant to the claims and defenses of the Parties. This Request also seeks information that does not contain reasonable time limitations and is disproportionate to the needs of the case. Without waiving these Objections, Defendant previously produced the call detail record associated with communications to the number 541-999-XXXX.

As an initial matter, where defendants contest elements of Rule 23 in proposed class actions under the TCPA, courts routinely require the production of information necessary to support those requirements. *See, e.g.*, *Cahill v. GC Servs. Ltd. P'ship*, No. 3:17-cv-01308-GPCMDD, 2018 WL 1791910, at *4 (S.D. Cal. Apr. 16, 2018) ("The lists are reasonably calculated to identify the number of recipients of calls made during the class period, which is crucial to determine whether the class is so numerous to make joinder impracticable. The call lists are also relevant to the commonality requirement under Rule 23(a), for which plaintiff must show the class 'suffered the same injury ... such that the ... class claims will share common questions of law or fact" with those of the named plaintiffs.'"). Indeed, as another Court previously held in a TCPA case, "the Court cannot permit [a defendant] on one hand to contest class certification and on the other hand deny plaintiff the discovery relevant to its position that a class should be certified." *Whiteamire Clinic,*

*P.A. v. Quill Corp.,* No. 12 C 5490, 2013 WL 5348377, at *3 (N.D. Ill. Sept. 24, 2013); *Ossola v. Am. Express Co.,* No. 13 C 4836, 2015 WL 5158712, at *7 (N.D. Ill. Sept. 3, 2015) ("Call data is relevant, and thus produced as standard practice"). In the same vein, "[o]utbound dial lists are relevant to establish the issues of numerosity and commonality under Federal Rule of Civil Procedure 23(a) and are therefore discoverable." *Thomas v. Fin. Corp. of Am.*, No. 3:19-CV-152-E, 2019 WL 5157022, at *1 (N.D. Tex. Oct. 10, 2019) (compelling the production of similar data sought here); *Doherty v. Comenity Capital Bank & Comenity Bank*, No. 16CV1321-H-BGS, 2017 WL 1885677, at *4 (S.D. Cal. May 9, 2017) ("The Court finds that outbound dial lists are relevant to establish the issues of numerosity and commonality under Federal Rule of Civil Procedure 23(a) and are therefore discoverable.").

Not surprising, then, is that courts across the country, routinely compel TCPA class action defendants to provide analogous information relevant to the sizes of proposed classes. As the Northern District of Indiana has also explained:

> Courts in class-action TCPA cases have consistently held that information regarding plaintiffs and putative class members who were called by a defendant or by others on a defendant's behalf, such as outbound call lists and the number of calls made to those recipients are relevant to the numerosity and commonality requirements listed in Rule 23. . . . Although the requested information here is not precisely a call list, it does seek to quantify the number of calls and is therefore analogous to the outbound call lists that have been found relevant to the numerosity and commonality requirements. Thus, the requested text message-related information is relevant to class certification in a way that is analogous to the relevance of call logs in these other TCPA class actions.

*Fralish v. Digital Media Sols., Inc.*, No. 3:21-cv-00045-JD-MGG, 2021 WL 5370104, at *9-10 (N.D. Ind. Nov. 17, 2021) (compelling the production of class data in a putative TCPA class action) (internal citations and quotations omitted). Also analogous, a Court in the Eastern District of Pennsylvania has held in a TCPA case while compelling the same data:

> Frey has shown that the outbound call list is relevant to class certification and to the merits of his claim. *See, e.g.*, *Gossett v. CMRE Fin. Servs.*, 142 F.Supp.3d 1083, 1087 (S.D. Cal. 2015) ("This court finds that the outbound call lists are relevant to the class claims and meritorious claims and defenses in this case and overrules [the defendant's] objections to the requests."). The call records can be used to determine which calls were made to cell phone numbers, a fact that is relevant to the numerosity and typicality requirements of Rule 23(a). *See Thrasher v. CMRE Fin. Servs., Inc.*, No. 14-cv-1540, 2015 WL 1138469 at *2 (S.D. Cal. March 13, 2015) ("The court finds that the outbound call list is reasonably calculated to identify the number and recipients of calls made during the class period, which is relevant to Rule 23 requirements.")…EAG argues that Frey is not entitled to this personal identifying information pre-class certification, but, as discussed below, the Court did not bifurcate the discovery period in this matter. As such, Frey was required to seek discovery on both his individual claim and his class claim at the same time and could not wait until after the Court ruled on his motion for class certification to request this relevant information.

*Frey v. Frontier Utils. Ne. Llc*, No. 19-2372-KSM, 2020 U.S. Dist. LEXIS 260620 *5-6 (E.D. Pa. Apr. 13, 2020). For the same reasons in *Frey*, that there is a single discovery period, the motion to compel should be granted here. As one court summarized when granting a motion to compel for the calling records in a TCPA case:

> This information will assist Plaintiff's experts in determining which phone numbers were tied to cellular phones, which calls were for telemarketing purposes, which numbers were on the National Do Not Call Registry ("NDNCR") and which calls were made using an automatic telephone dialing system ("ATDS"). The information is therefore relevant to the numerosity, commonality, and typicality inquiries the Court will undertake to decide Plaintiff's motion for class certification under Rule 23.

*See Mey v. Frontier Commc'ns Corp.*, No. 13-cv-01191-MPS, ECF No. 102 (D. Conn. Dec. 5, 2014). Here, like *Mey*, the Plaintiff, or his expert, will determine which calls qualify for membership in the class in order to prepare this case for class certification. Because the sought-after Call Records are plainly relevant to contested elements of Rule 23, including numerosity, this Court should compel their production. Because courts calculate damages under the TCPA based on the number of violations—in this case, the number of telemarketing calls delivered to class members during the class period—discovery is highly relevant to damages suffered by

absent class members. For this additional reason, the Call Records Plaintiff seeks—which he will use to identify potential class members—are highly relevant and this Court should compel their production.

Defendant's objections should be overruled. First, the information sought is plainly relevant under Rule 26(b)(1). The Complaint alleges a nationwide prerecorded telemarketing campaign extending four years prior to filing. The requested call logs correspond directly to that allegation.

Second, Defendant's proportionality objections are entirely boilerplate. Defendant has provided no affidavit, no description of the dialing systems used, no estimate of the number of records at issue. Dialing platforms and telemarketing vendors routinely maintain call-detail records in structured electronic databases that can be exported in standard formats such as CSV or Excel. Defendant does not contend that the data does not exist; rather, it simply refuses to produce it. In a case alleging a nationwide prerecorded campaign, call logs are fundamental. The requested data is uniquely within Defendant's possession and cannot be obtained from any other source. Without it, Plaintiff cannot identify putative class members or meaningfully test Defendant's consent defense.

Third, Defendant suggests the request lacks reasonable time limitations. The class definition is expressly limited to the four years preceding the filing of this action through class certification. To the extent necessary, Plaintiff is willing to clarify that the request is limited to that class period. That limitation corresponds directly to the pleaded class and eliminates any arguable temporal overbreadth.

Furthermore, Defendant's asserted "consent" theory further demonstrates why dialing records are necessary. It claims that a person named "Sherlei Lestarjette" provided consent

through a Facebook advertisement, but Plaintiff is not that individual and never provided prior express written consent. The TCPA requires consent from the "person called." 47 C.F.R. § 64.1200(f)(8). Consent allegedly provided by someone else does not satisfy that requirement.Finally, Defendant's production of Plaintiff-specific call records misses the point. A single call log does not permit evaluation of whether the same prerecorded message was used campaign-wide, how many numbers were called, or how consent and disposition codes were applied. Without classwide dialing logs and associated data, Plaintiff cannot satisfy Rule 23, and Defendant's broader calling practices would escape meaningful review.

The Plaintiff respectfully submits that this Court should adopt Judge Wick's reasoning in compelling a nearly identical request in a TCPA case in *Naiman v. Big Think Capital Inc.*, where Judge Wicks held that the same information sought here falls squarely within Rule 26(b)(1)'s relevance and proportionality standards where it bears on the class allegations and statutory damages. 2023 U.S. Dist. LEXIS 169560, at *4–10 (E.D.N.Y. Sept. 22, 2023). The court compelled production of outbound telemarketing call records, recognizing that such data was central to evaluating the scope of the defendant's calling practices and the contours of the proposed class. *Id.* at *9–10. The same reasoning applies here. Plaintiff alleges a four-year prerecorded telemarketing campaign and proposes a class defined by the receipt of those calls. The dialing logs sought in RFP No. 1 identify who was called, when they were called, and how the calls were coded — information that directly informs numerosity, commonality, and statutory damages.

## Meet and Confer Certification

Plaintiff certifies that the parties engaged in a good-faith meet-and-confer process, including by telephone, but were unable to resolve this dispute. The parties spoke on the phone on February 3 and 11, 2026 and had multiple prior and subsequent written exchanges.

Respectfully submitted,

*/s/ Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
anthony@paronichlaw.com
Counsel for Plaintiff