

February 23, 2026

**<u>VIA ECF FILING</u>**

Magistrate Judge Robyn F. Tarnofsky
United States District Court
Southern District of New York

      Re:    <u>*Chet Michael Wilson v. Lifestation, Inc.*</u>
                Case No. 1:25-cv-07246-JHR

                Defendant's Response to Plaintiff's Letter Motion (ECF No. 22)

Dear Judge Tarnofsky:

      I am writing pursuant to the Court's Order dated February 19, 2026, and in response to

Plaintiff's Letter Motion seeking that certain class-wide discovery be compelled from Defendant.

      The issue presented before the Court involves Defendant's Objections to Plaintiff's Second

Set of Discovery Requests, Request for Production Number 1, contained therein as follows:

      1.  Please produce all documents containing any of the following information

for each outbound telemarketing call or text sent by you or your vendors:

a) the date and time of the call or text;
b) the disposition or result of the call (e.g., live answer, voicemail, wrong number,
opt-out, disconnected);
c) identifying information for the recipient (e.g., name, number dialed, lead
source, or other associated fields);

Lisa A. Messner | Partner | lmessner@mslawgroup.com
6525 West Campus Oval, Suite 210, New Albany, Ohio 43054 | 614.939.9955 | mslawgroup.com

d) any scrub results (including against internal do-not-call lists, the National Do-Not-Call Registry, and any reassigned number database); and

e) any coding or notation indicating "wrong number," "do not call," "opt-out," or similar.

**<u>Response:</u>**

Objection.  This Request seeks information that is not relevant to the claims and defenses of the Parties.  This Request also seeks information that does not contain reasonable time limitations and is disproportionate to the needs of the case.

Without waiving these Objections, Defendant previously produced the call detail record associated with communications to the number 541-999-9999.

It remains undisputed that Defendant produced call detail records as associated with calls to the number in which Plaintiff has identified as being his telephone number of 541-999-9999. As such, the issue to be decided by the Court is whether an Order compelling Defendant to produce "class" data is appropriate under the facts of this case. Defendant respectfully submits that it is not for the reasons explained below.

While Plaintiff cites to several cases holding that the provision of class data in a putative class action brought pursuant to the Telephone Consumer Protection Act ("TCPA") is warranted, Plaintiff entirely ignores the facts of this case, which are entirely inapposite to the facts of the cases upon which he relies.  The law is not the issue in this case – rather it is the extremely individualized and unique facts of this case.  Given this, Defendant provides factual context below.

## **Factual Background**

Defendant's investigation and discovery responses reveal as follows: a person identified as Sherlei Lestarjette provided consent on a Facebook advertisement for Defendant to contact her or him at 541-999-9999 on September 2, 2024.  This consent was sent directly to Lifestation's first party website and did not transfer, connect or in any other way connect to a third-party website or third-party vendor.  That person agreed to the consent language below, and Defendant would have had no reason to believe that this telephone number was not intended to be contacted or any reason to believe valid consent to contact had not been provided:

| Phone number | 5419999999 | 9/4/2024 at 9:42 AM EDT | Salesforce ⓘ |
|---|---|---|---|
| Inactive | No | 9/4/2024 at 9:42 AM EDT | Salesforce ⓘ |
| Consent Language | By submitting this form, you are providing an electronic signature certifying that our company and our affiliates have your consent to contact you at the provided telephone number using an autodialer, SMS, or prerecorded message in accordance with our Terms of Use. Please note that you are not required to purchase anything from the companies that may contact you. | 9/4/2024 at 9:42 AM EDT | Salesforce ⓘ |
| Campaign Name | Facebook - Users | 9/4/2024 at 9:42 AM EDT | Salesforce ⓘ |

Moreover, Sherlei Lestarjette appears to be a living woman who is known for driving a dog kart.  See below website link:

https://www.nuggetnews.com/story/2010/07/06/news/dog-cart-driver-a-fixture-on-sisters-streets/18751.html#:~:text=One%20that%20will%20become%20familiar%20even%20after,pulled%20by%20Sherlei%20(pronounced%20Shirley)%20Lestarjette's%20enthusiastic (last accessed February 23, 2026).

Telephone contact was made to the number of 541-999-9999 a total of thirteen times between September 4, 2024 and October 15, 2024.  Only one of those calls connected on September 4, 2024, which disconnected after the person who answered the call used foul language and then referred to the calling agent as a "camel jockey," which appears to be a racial slur as used in this context because this was not a name in which the agent identified.

The most reasonable conclusion, based on these facts, is that Sherlei Lestarjette entered the number of 999-9999 into the consent box in order to obtain information, but not to be called. Absolutely no information in discovery suggests anything to the contrary.

Moreover, discovery reveals that Plaintiff is the subscriber of the telephone number 541-999-9999, and appears to be the person whose voice is heard on the call recording of the September 4, 2024 call referenced above.  In addition, discovery demonstrates that Plaintiff took affirmative steps to obtain the telephone number (541) 999-9999.  Plaintiff states in verified discovery responses that he obtained this number from a friend identified as Warren Brownlee, in or around 2017 or 2018. Mr. Brownlee had previously used the number and, at Plaintiff's request, transferred or "ported" it to Plaintiff. Plaintiff did not pay for the number itself but agreed to transfer title to a vehicle to Mr. Brownlee as part of a broader debt arrangement.  After that time, Plaintiff has been involved in numerous lawsuits throughout the country asserting TCPA claims on a class wide basis.

<u>**Argument**</u>

Against this backdrop of factual context, Plaintiff seeks to represent persons nationally who received a similar pre-recorded message to the ones he alleges to have received in the prior four years. (Complaint ¶ 21, ECF No. 1)  However, the only way such messages could be actionable under the TCPA is if they were placed without prior express written consent. *See generally* 47

U.S.C. Section 227.  Defendant does not place any calls without prior express written consent, utilizes only its own website and does not use any third-party lead vendors that could have done so. These facts also remain undisputed.

As such, the question then becomes who Plaintiff may be similarly situated to for purposes of representing a class under Fed. R. Civ. P. 23 - and, then the type of data that may exist that is representative.  Here, the class as defined is not one which is similarly situated to Plaintiff.  Instead, the only class of persons similarly situated to Plaintiff would be persons who affirmatively sought telephone numbers which each contained the same number in the seven-digit sequence (such as 999-9999) and received telephone calls after the provision of consent by someone other than themselves.  To be sure, Defendant does not possess such unique class data.

In sum, a litany of law on this point is not necessary.  Basic common sense dictates that Plaintiff's asserted claims – if even any exist – are so individualized that requiring the provision of a large set of data entirely unrelated to these unique circumstances is disproportionate to the needs of this case.

Thank you for your time in considering the Parties' respective positions in this case.

Sincerely,

Lisa A. Messner

5